CASON, ADMINISTRATOR, *vs.* WHITE.   .

A party possessing a community of interest in the subject-matter, is, nevertheless, a competent witness, unless the record of the judgment would be evidence for or against him.

ERROR to Howard Circuit Court.

CLARK, *for Plaintiff in Error.*

The only question made by the bill of exception in this case is, as to the correctness of the judgment of the Circuit Court in allowing one of the donees in the deed, Martha Ann Partlow, to give evidence in the cause on the part of the defendant.

The plaintiff contends, that the witness, being a party to the deed, and claiming under the same, was interested, and therefore could not legally testify for the purpose of establishing the deed under which she claimed, and to which she was a party.—2 Starkie's Ev., 748, 9, and notes and authorities there cited.

DAVIS, *for Defendant in Error.*

The defendant insists that the witnesses were not incompetent, the subscribing witness being out of the United States.

The fact that the witnesses are donees of certain slaves in the same deed of gift, is no objection to their competency, they having no interest in the slaves sued for in this controversy. (See 1 Phillips' Ev., 45, 46; 2 Cowen and Phillips' edition, 86, note 84 of same work: - also see 2 Starkie's Ev., 744, 747, title, "Interested Witnesses."

The record of this cause could not be used in evidence for or against the witness.— See 3 Johns. Cases, 82; 5 Johns., 256.

The subscribing witness was not within the State or United States — proof of his hand-writing was therefore properly received.— See 1 Phillips' Ev., 473.

NAPTON, J., *delivered the opinion of the Court.*

This was an action of trover, brought by plaintiff, to recover the possession of certain slaves, mentioned in the declaration.

Upon the trial, the defendant offered in evidence a deed from one Elijah Partlow, purporting to convey certain slaves to Mary E. White, his daughter, and wife of the defendant; and also certain other slaves to two other children, Martha Ann Partlow and James Partlow—which deed was signed by said Elijah Partlow, and attested by W. L. White and Thomas Moore. The defendant being himself one of the subscribing witnesses, offered to prove, and did prove, that the other witness, Moore, lived in Texas, and then offered to prove the execution of the

JULY TERM, 1843. 217

deed by Martha Ann Partlow, one of the donees in the same deed. To this objections were made, but the court admitted said Martha Ann to be examined, and this is the only error assigned.

A party possessing a community of interest in the subject-matter, is, nevertheless, competent, unless the record of the judgment would be evidence for or against him. (2 Starkie's Ev., 781.) Thus, one seaman may be a witness for another in any suit respecting the same voyage, for although interested in the question, he is not interested in the event of the suit. (Hoyt vs. Wildfire, 3 Johns. Rep., 518.) As the verdict in the present case would be inadmissible, either for or against the witness, she being neither a party or privy, we are of opinion that the Circuit Court properly admitted the evidence.

Judgment affirmed.